J-S57016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| INELL FOYE | |
| Appellant | No. 3042 EDA 2013 |

Appeal from the PCRA Order October 3, 2013
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000673-2009
CP-39-CR-0000674-2009
CP-39-CR-0000678-2009

BEFORE:  DONOHUE, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 21, 2014**

Appellant, Inell Foye, appeals *pro se* from the October 3, 2013 order dismissing his first petition for relief, filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we vacate and remand with instructions.

We summarize the relevant factual and procedural background of this case as follows.  On March 17, 2009, the Commonwealth filed an information at docket number CP-39-CR-673-2009, charging Appellant with one count each of possession with intent to deliver (PWID), intentional possession of a

controlled substance, and possession of drug paraphernalia.[1] On March 24, 2009, the Commonwealth filed an information at docket number CP-39-CR-674-2009, charging Appellant with two counts of PWID and one count each of intentional possession of a controlled substance and criminal conspiracy.[2] That same day, the Commonwealth filed a third information at docket number CP-39-CR-678-2009, charging Appellant with one count of escape.[3]

Appellant proceeded to a consolidated jury trial on all three docket numbers, at the conclusion of which Appellant was found guilty of all charges. On October 20, 2010, the trial court imposed an aggregate sentence of 117 to 300 months' imprisonment. On October 29, 2010, Appellant filed a timely post-sentence motion, which the trial court denied on December 7, 2010. On January 6, 2011, Appellant filed a timely notice of appeal. This Court affirmed the judgment of sentence on November 9, 2011. **Commonwealth v. Foye**, 38 A.3d 915 (Pa. Super. 2011). Appellant did not file a petition for allowance of appeal in our Supreme Court.

On October 23, 2012, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel on February 21, 2013. On May 31, 2013,

_____

[1] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 780-113(a)(32), respectively.

[2] 35 P.S. §§ 780-113(a)(30), 780-113(a)(16), and 18 Pa.C.S.A. § 903(a)(2), respectively.

[3] 18 Pa.C.S.A. § 5121(a).

PCRA counsel filed a petition to withdraw as counsel along with a "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny. Appellant filed a *pro se* objection and response to the ***Turner***/***Finley*** letter on June 18, 2013. On July 3, 2013, the PCRA court held a hearing on PCRA counsel's petition to withdraw, at the conclusion of which the PCRA court entered an order on the record granting counsel's petition to withdraw. On July 19, 2013, the PCRA court issued its notice of intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed an untimely *pro se* response on August 19, 2013.[4] The PCRA court entered its final order

---

[4] We note that Appellant has not waived the issue of the adequacy of PCRA counsel's ***Turner***/***Finley*** letter by not timely filing his response to the Rule 907 notice. As noted above, Appellant filed a timely *pro se* objection to the ***Turner***/***Finley*** letter and petition to withdraw, long before PCRA counsel was permitted to withdraw, and reiterated his objection at the July 3, 2013 hearing on PCRA counsel's petition to withdraw. N.T., 7/3/13, at 6. Our Supreme Court has held that a defendant waives any objection to PCRA counsel's representation by not filing a response to either the ***Turner***/***Finley*** letter or the Rule 907 notice. ***See Commonwealth v. Pitts***, 981 A.2d 875, 879 (Pa. 2009) (stating, "[t]he Commonwealth asserts Pitts waived any issue pertaining to the adequacy of PCRA counsel's no-merit letter by failing to raise it during Rule 907's 20-day response period. We agree, finding Pitts's failure to challenge PCRA counsel's withdrawal upon his receipt of counsel's no-merit letter **or** within the 20-day period telling[]") (emphasis added). As a subsequent panel of this Court explained, a defendant may object to the adequacy of a ***Turner***/***Finley*** letter directly if given the opportunity to do so before the PCRA court issues its Rule 907 notice. ***See Commonwealth v. Ford***, 44 A.3d 1190, 1198 n.4 (Pa. Super. 2012) (stating, "[w]hen counsel files a ***Turner***/***Finley*** no-merit letter and counsel

*(Footnote Continued Next Page)*

- 3 -

dismissing Appellant's PCRA petition on October 3, 2013. On October 17, 2013, Appellant filed a timely *pro se* notice of appeal.[5]

Appellant filed his brief on December 30, 2013. On January 10, 2014, Appellant filed a motion to amend his brief, which this Court granted on February 7, 2014. Appellant filed his amended brief on February 18, 2014.[6] On May 1, 2014, the Commonwealth filed a motion to vacate the briefing schedule and remand this case for a more comprehensive trial court opinion. On June 3, 2014, this Court denied the Commonwealth's motion without

_____
*(Footnote Continued)*

has not yet been permitted to withdraw, the rule against hybrid representation is inapplicable, **as the petitioner can file a *pro se* response**[]") (emphasis added).

As noted above, Appellant raised a lengthy *pro se* objection to counsel's ***Turner***/***Finley*** letter before the PCRA court held a hearing on PCRA counsel's petition to withdraw, Appellant was not required to repeat his objections again upon receiving Appellant's Rule 907 notice. However, to the extent the objections in his response to the Rule 907 notice introduce **new** objections beyond those raised before counsel was permitted to withdraw, those objections are waived under ***Pitts*** and ***Ford***. ***Cf. Commonwealth v. Rigg***, 84 A.3d 1080, 1085 (Pa. Super. 2014) (stating, "where the [] issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response **or raising the issue while the PCRA court retains jurisdiction**[]") (citations omitted; emphasis added).

[5] Appellant and the PCRA court have timely complied with Pa.R.A.P. 1925.

[6] For clarity, we cite to Appellant's original brief as "Appellant's Brief."

prejudice in order for the Commonwealth to request the same relief in its brief, which it does.[7]  **See** Commonwealth's Brief at 7 n.1.

We first address Appellant's issue that the PCRA court erred in permitting PCRA counsel to withdraw pursuant to **Turner/Finley**, as that disposes of the instant appeal.  Appellant's Brief at 17, 18, 31, 32, 34. Appellant essentially avers that PCRA counsel failed to address specific issues that he wanted addressed in the course of the PCRA proceedings below.  **Id.**

We begin by noting our well-settled standard of review.  "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted).  "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level."  **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).  "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record."  **Commonwealth v. Robinson**, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted).  However, this

---

[7] However, the Commonwealth does not agree with Appellant that PCRA counsel's **Turner/Finley** letter was inadequate.  **See** Commonwealth's Brief at 38-40.

Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

In addition, we note that defendants have a general rule-based right to the assistance of counsel for their first PCRA petition. Pa.R.Crim.P. 904(C); *accord Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (stating, "a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process[]"). "The indigent petitioner's right to counsel must be honored regardless of the merits of his underlying claims, even where those claims were previously addressed on direct appeal, so long as the petition in question is his first." *Commonwealth v. Powell*, 781 A.2d 1017, 1019 (Pa. Super. 2001) (citation omitted). "Moreover, once counsel is appointed, he [or she] must take affirmative steps to discharge his [or her] duties." *Id.*

> When appointed, counsel's duty is to either (1) amend the petitioner's *pro se* petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of [*Turner/Finley*]. If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was effectively uncounseled.

*Id.* (internal quotation marks and citation omitted).

> The *Turner/Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate

- 6 -

> court can authorize an attorney's withdrawal. **The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless.** The PCRA court … if the no-merit letter is filed before it … then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012) (internal citation omitted; emphasis added), *appeal denied*, 64 A.3d 631 (Pa. 2013).

In this case, Appellant filed a *pro se* PCRA petition raising a host of different issues, including whether trial counsel was ineffective for not filing a motion for dismissal pursuant to Pennsylvania Rule of Criminal Procedure 600[8], whether trial counsel was ineffective for not pursuing a claim under *Miranda v. Arizona*, 384 U.S. 436 (1962), and whether direct appeal counsel was ineffective for not filing an adequate Rule 1925(b) statement. Appellant's *Pro Se* PCRA Petition, 10/23/12, at 2, 3, 5. Only these three issues were addressed by PCRA counsel in her *Turner/Finley* letter. *Turner/Finley* Letter, 5/31/13, at 2. However, Appellant's *pro se* PCRA petition also raised the following issues.

---

[8] The record reveals that trial counsel filed a Rule 600(E) motion seeking nominal bail, but not dismissal of the charges against Appellant under Rule 600(G). This was under the prior version of Rule 600, which was replaced with the current version of the Rule on July 1, 2013.

> [Appellant] also believes that [trial] counsel was ineffective for failing to diligently pursue claims relating to the issues of [insufficient] [s]earch [w]arrant [a]ffidavit, [i]nsufficient [n]exus to [s]earch [r]esidence[,] and [d]isclosure of [c]onfidential [i]nformant. Again, there was not [sic] supporting arguements [sic] and not effectively raised.

Appellant's *Pro Se* PCRA Petition, 10/23/12, at 5. None of these issues were discussed in PCRA counsel's ***Turner***/***Finley*** letter.

In addition, after PCRA counsel filed her ***Turner***/***Finley*** letter and petition to withdraw as counsel, Appellant filed a *pro se* response and objection to the ***Turner***/***Finley*** letter. In said response, Appellant averred that PCRA counsel did not raise all of the issues he wished for her to raise. Appellant's *Pro Se* Response to PCRA Counsel's Motion to Withdraw and Preservation of *Pro-Se* Issues, 6/18/13, at 1-2. Therein, Appellant stated that he wished to raise the following issues.

> A) Rule 600 violation not preserved by [t]rial/[a]ppellate counsel for direct review.
>
> B) Motion to [d]ismiss not filed in conjunction with [m]otion for [n]ominal [b]ail.
>
> C) Trial/[a]ppellate counsel filed a vague [c]oncise [s]tatement 1925(B).
>
> D) Trial/[a]ppellate counsel failed to argue the <u>specific elements</u> that supports counsel [sic] allegations of [i]nsufficient [e]vidence, [w]eight of [e]vidence – to establish guilt.
>
> E) Trial/[a]ppellate counsel failed to argue insufficient probable cause to make a full-scale arrest, insufficient probable cause in [s]earch

- 8 -

[w]arrant [a]ffidavit, insufficient NEXUS to search residence, unreliability of the [c]onfidential [i]nformant, [e]xigent [c]ircumstances did not exist at the time of arrest.

F)    Trial/[a]ppellate counsel failed to request a Franks hearing regarding proven misstatement and omissions contained in the search warrant affidavit.

G)    Trial/[a]ppellate counsel failed to challenge the authenticity of the xerox-faxed-copy of the *Miranda* document entered into evidence, the original was not provided.  [Appellant] was not given the opportunity to challenge the *Miranda* documents.  This violated [Appellant]'s constitutional rights [under the Due Process Clause of the Fourteenth Amendment of the Federal Constitution].

H)    Counsel failed to request all discovery relating to the copy of and the missing original *Miranda* document, trial transcripts, co-defendants [sic] suppression hearing transcripts (all discovery), Rule 600 hearing transcripts, Tia McCalvey's written statement, and failed to challenge Tia McCalvey's written statement itself.

I)    Trial/[a]ppellate counsel failed to challenge the [c]onfidential [i]nformant beyond [the] suppression hearings.    The    [Commonwealth]    suppressed information regarding the motive, reliability, and whereabouts of the [c]onfidential [i]nformant.  The [Commonwealth] revealed this information just mere moments before trial, but counsel failed to challenge this information.

J)    Trial/[a]ppellate counsel failed to argue why [Appellant]'s sentence of 9 years and 9 months to 25 years is illegal.  No argument is contained within the 1925(B) [c]oncise statement or the supporting brief. Counsel failed to argue the [m]erger [d]octrine, or the [c]oncurrent [d]octrine, due to the fact that all charges stemmed from one-isolated event.

*Id.* at 2-3 (emphases in original).  Appellant also mentioned his additional issues at the July 3, 2013 hearing.  N.T., 7/3/13, at 15.

In his brief, Appellant avers that PCRA counsel "failed to add or address [the] issues contained in [his] brief, [and *p*]*ro-se* [sic] petitions … in her [**Turner**/**Finley**] letter and [m]otion to [w]ithdraw."[9]  Appellant's Brief at 34.  Although it believes that PCRA counsel's **Turner**/**Finley** letter was adequate, the Commonwealth acknowledges in its brief that Appellant's *pro se* objection and response to the **Turner**/**Finley** letter "raised and elaborated on issues not included in [Appellant]'s original PCRA petition and not included in [PCRA] counsel's [**Turner**/**Finley**] letter."  Commonwealth's Brief at 5 n.1.

It is not incumbent upon this Court to comb through the record and decide in the first instance whether or not Appellant's issues have been previously litigated, are waived, or are devoid of merit.  Rather, it is axiomatic that if seeking to withdraw, "it is up to PCRA counsel to identify **each** issue Appellant wishes to raise, and to explain whether that specific claim has been previously litigated, whether it is waived for failure to raise it on direct appeal, or whether it is frivolous for some other reason."  **Commonwealth v. Glover**, 738 A.2d 460, 464-465 (Pa. Super. 1999) (emphasis in original); **accord Commonwealth v. Doty**, 48 A.3d 451, 454

---

[9] Appellant has raised this allegation in his Rule 1925(b) statement.  **See** Appellant's Rule 1925(b) Statement, 11/20/13, at ¶ 7.

(Pa. Super. 2012) (stating that a **Turner**/**Finley** letter must "detail[] the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explain[] why and how those issues lack merit, and request[] permission to withdraw []") (citation omitted). The record in this case is devoid of any explanation as to whether or why these additional issues lack merit, are waived, or have been previously litigated under the parameters of the PCRA.

In a footnote in its opinion, the PCRA court states "[t]o the extent [Appellant] attempts to raise other issues that were **not in his original PCRA petition**, these issues are waived." Trial Court Opinion, 12/11/13, at 2 n.3 (emphasis added). Ordinarily, this would be the case. *See generally* ***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted) (stating, "issues not raised in a PCRA petition cannot be considered on appeal[]"), *appeal denied*, 30 A.3d 487 (Pa. 2011). However, in this case, Appellant filed a response to the **Turner**/**Finley** letter, raising the additional issues that he wanted PCRA counsel to raise on his behalf. It therefore fell upon PCRA counsel to explain why each issue is without merit if she still wished to withdraw.

Although the PCRA court held a hearing on PCRA counsel's motion to withdraw, our review of the transcript does not convince us that any of Appellant's additional issues were discussed. In any event, our research has garnered no case in which it has been suggested that a hearing is an

- 11 -

adequate substitute for a proper *Turner*/*Finley* letter. Based on all of these considerations, we conclude the PCRA court erred in accepting PCRA counsel's *Turner*/*Finley* letter. *See Rykard*, *supra*; *Glover*, *supra*. Therefore, the proper remedy is to remand this case for the appointment of new counsel. *Commonwealth v. Karanicolas*, 836 A.2d 940, 948 (Pa. Super. 2003); *accord Glover*, *supra* at 464. Counsel shall file either an amended PCRA petition or a proper *Turner*/*Finley* letter addressing all of the claims Appellant wishes to raise, explaining why each has been previously litigated, is waived, or is without merit. *See Glover*, *supra* at 465.

Based on the foregoing, we conclude that the PCRA court erred in accepting PCRA counsel's *Turner*/*Finley* letter where said letter failed to address all of Appellant's issues that he wished to raise in his original PCRA petition and his objection filed in response to the *Turner*/*Finley* letter. Accordingly, the PCRA court's October 3, 2013 order is vacated, and the case is remanded for the appointment of new counsel, and further proceedings consistent with this memorandum.[10]

Order vacated. Case remanded with instructions. Motion for transcript denied. Motion to amend brief denied. Jurisdiction relinquished.

_____

[10] Appellant filed a motion with this Court seeking additional transcript of the hearing held on the Rule 600 motion for bail filed by trial counsel. Appellant has also filed a motion seeking to further amend his brief raising additional arguments. In light of our disposition, said motions are denied as moot.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/21/2014</u>